SHARON L. ANDERSON (SBN 94814)
County Counsel
PATRICK L. HURLEY (SBN 174438)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, Ninth Floor
Martinez, California 94553
Telephone:    (925) 335-1800
Facsimile:     (925) 335-1866
Electronic Mail: patrick.hurley@cc.cccounty.us

Attorneys for Defendants
COUNTY OF CONTRA COSTA, BRIAN CAIN,
AND FELICIA TORNABENE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WALTER L. WALTERS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA; BRIAN CAIN; FELICIA I. TORNABENE; ANGELA D. PRASAD; and DOES 1-100, inclusive,<br>Defendants. | No. 4:19-cv-00702 DMR<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO MODIFY THE SCHEDULING ORDER; DECLARATION OF PATRICK HURLEY**<br><br>**[N.D. CAL. CIV. L.R. 7-11]**<br>**[No Hearing Date]**<br><br>Date Action Filed:  February 7, 2019<br>Trial Date:  October 26, 2020 |
|---|---|

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:**

Defendants County of Contra Costa, Brian Cain, and Felicia Tornabene submit the following administrative motion, pursuant to Civil Local Rule 7-11, to modify the scheduling order by (1) allowing defendants to take plaintiff's deposition after the discovery cut-off date and (2) continuing the dispositive motion hearing date for three weeks to allow defendants to complete plaintiff's deposition before filing a motion for summary judgment.

ADMINISTRATIVE MOTION TO MODIFY SCHEDULING ORDER - Case No. 4:19-cv-00702 DMR
1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  FACTUAL BACKGROUND

Defendants accommodated plaintiff Walter Walters by moving his deposition from May 15, 2020 to June 15, 2020, because plaintiff claimed he was unavailable for deposition due to his work schedule and the current COVID-19 pandemic.  When defendants expressed concern that moving the deposition date would impact their ability to file a motion for summary judgment based on the current motion hearing cut-off date, plaintiff's counsel's office indicated, "Hopefully any dispositive motions can be rescheduled with a request to the court.  Please let us know if we can assist in this regard."  (Hurley Decl. at ¶ 6.)  Based on the representation that plaintiff's counsel would stipulate to a continuance of the dispositive motion hearing date, defendants agreed to continue plaintiff's deposition to June 15, 2020.  When defendants provided plaintiff with a stipulation to continue the motion hearing cut-off date, plaintiff's counsel then indicated that his client would not agree to an extension of the dispositive motion hearing cut off date.  (Id. at ¶ 8.)

This motion is necessary because plaintiff has prevented defendants from obtaining the discovery necessary for defendants to prepare and file a motion for summary judgment, namely plaintiff's deposition.  Defendants have been asking plaintiff to provide available dates for his deposition since September 2019.  Plaintiff has consistently failed to provide available dates for his deposition.  (Hurley Decl. at ¶ 2-3.)  Finally, on April 3, 2020, defendants noticed plaintiff's deposition for May 15, 2020.  (Id. at ¶ 3.)

On April 27, 2020, in response to a request from plaintiff, defendants agreed to take the deposition by video because plaintiff was working in New York.  (Hurley Decl. at ¶ 4.)  On May 12, just three days before the deposition, plaintiff's counsel indicated that plaintiff was not available for deposition as noticed and requested a continuance.  (Hurley Decl. at ¶ 5.)  Defense counsel indicated that a continuance was not possible because moving the deposition would impact defendants' ability to prepare and file a motion for summary judgment by June 18, 2020, the deadline to file a motion for summary judgment based on the July 23, 2020, dispositive motion hearing cut-off.  (Id.)

1  In response, plaintiff's counsel indicated that plaintiff was available for deposition on
2  May 15 and then later that day indicated that he was not available because he was caring for
3  COVID-19 patients at another venue.  (Hurley Decl. at ¶ 6.)  Based on plaintiff's
4  representation and plaintiff's counsel's office's representation that they would work with
5  defense counsel to continue the dispositive motion cut-off date, defendants agreed to move
6  plaintiff's deposition to June 15, 2020.  (Hurley Decl. at ¶ 6.)
7  Defendants then sent plaintiff a proposed stipulation to continue the dispositive motion
8  cut off date and, a week later, plaintiff was still "considering it."  Plaintiff's counsel then
9  informed defense counsel that, despite defendants' willingness to accommodate plaintiff's
10 schedule relating to the deposition, plaintiff "does not agree to the stipulation."  (Hurley Decl.
11 at ¶ 8.)
12 Assuming plaintiff's deposition goes forward on June 15, 2020, defendants would only
13 have three days after the deposition was completed to file a dispositive motion based on the
14 July 23, 2020, dispositive motion hearing cut off date.  Therefore, defendants ask the Court to
15 continue the discovery cut off date only for the purpose of completing plaintiff's deposition
16 and to continue the dispositive motion hearing cut off date to and including August 13, 2020.
17 Defendants do not believe the requested continuances will impact the remaining dates in the
18 scheduling order.  Good cause exists to grant the motion based on defendants' efforts to secure
19 plaintiff's deposition testimony and plaintiff's inability or unwillingness to appear for
20 deposition.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## II. THE COURT SHOULD MODIFY THE SCHEDULING ORDER

Federal Rule of Civil Procedure 16(b)(4) provides that the Court may modify the Scheduling Order for good cause shown. The Court should issue an order allowing defendants to take plaintiff's deposition after the discovery cut off date. No other discovery should be permitted. The Court should also continue the dispositive motion hearing date to and including August 13, 2020. Good cause exists for the Court to grant this motion based on the information set forth above.

DATED: May 28, 2020                    SHARON L. ANDERSON
                                       COUNTY COUNSEL

                                       By: */s/ Patrick L. Hurley*
                                           PATRICK L. HURLEY
                                           Deputy County Counsel
                                           Attorneys for Defendants
                                           COUNTY OF CONTRA COSTA, BRIAN
                                           CAIN, AND FELICIA TORNABENE